Ex Parte W. L. B. Dreesen.

No. 4175.  Decided December 2, 1908.

**Defacing Public Record—Habeas Corpus—Separate Offenses.**

Where relator was charged with maliciously changing, altering, defacing, and injuring a public record containing the registration of a physician's certificate or license in two separate and distinct acts, and by defacing two separate names of physicians and inserting in lieu thereof two separate names, and was indicted for each act as a separate offense, he could not be released on a pending indictment on habeas corpus because he had been acquitted on one indictment.

Appeal from the District Court of Rockwall.  Tried below before the Honorable F. L. Hawkins.

Appeal from a judgment refusing release of relator and committing him to custody in default of bail, upon a charge of willfully defacing, etc., a public record.

The opinion states the case.

*Baskett & Evans,* for appellant.—The writ of habeas corpus is the remedy against being twice put upon trial for the same offense; Ex Parte Davis, 89 S. W. Rep., 987.  The State may carve as great an offense from a transaction as it chooses, but may carve but once; Herera v. State, 33 Texas Crim. Rep., 607, 34 S. W. Rep., 943; Hudson v. State, 9 Texas Crim. App., 151.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Relator sued out a writ of habeas corpus before the Hon. F. L. Hawkins, Judge of the District Court of Rockwall County, which was granted and on hearing the following facts, in substance, were proved: The grand jury of Rockwall County returned an indictment against relator charging that he did wilfully and maliciously change, alter, deface and injure the public record, to wit: the registration of a doctor's certificate for license, which certificate was duly recorded in a record book of Rockwall County.  The particular change and defacement made was this: he marked and erased out the name of H. L. Prichard in said certificate and inserted the name of J. T. Benbrook as the one entitled to said certificate.  A similar indictment to this one was returned against relator charging that he erased the name of T. K. Jones and inserted in lieu thereof G. M. Coleman.  On the latter indictment relator was tried and found not guilty, and, as we understand the record, he sought a release by the writ of habeas corpus on the ground that the indictments were the same.  It is a separate and distinct offense to alter each certificate, and an acquittal under an indictment charging an alteration of one doctor's certificate, where the same has been duly and legally recorded, would not be an acquittal of changing all

certificates that might be altered, but each alteration is a separate and distinct offense. The trial court refused to release relator, but set his bond at the sum of $500. From this ruling he appeals to this court. We hold that there was no error in the ruling of the court.

The judgment of the lower court is accordingly affirmed.

*Affirmed.*